UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD THELEMAQUE (A-244-082-440),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA DETENTION CENTER,<br>Respondent. | No. 1:26-cv-9070 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Ronald TheleMaque, aka, Ronald Thelemaque, a native of Haiti who is proceeding through counsel,[1] has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the amended petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

In September 2026, petitioner was detained by immigration authorities. (ECF No. 6 at 2.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or

---

[1] On November 18, 2026, this Court granted the application for pro hac vice filed by petitioner's counsel. (ECF No. 9.)

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

flight risk. (See ECF No. 6.)

On November 3, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On November 5, 2026, petitioner filed an amended petition for writ of habeas corpus. (ECF No. 6.) On November 9, 2026, respondent filed a response to the petition. (ECF No. 5.) On November 18, 2026, petitioner filed a reply. (ECF No. 10.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The amended petition raises two claims. (ECF No. 6 at 6.) In claim one, petitioner argues that he left Haiti because his life was in danger. (Id.) In claim two, petitioner raises a claim pursuant to the Immigration and Nationality Act ("INA"). (Id.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that petitioner was paroled into the United States and placed into removal proceedings under 8 U.S.C. § 1225(b)(2). (ECF No. 5 at 1.) Respondents further do not contend that petitioner has a criminal history or that he violated any release conditions. (Id.)

Respondents concede that, "by operation of Rodriguez Vazquez v. Bostock, 183 F.4th

1160 (9th Cir. 2026), or by this Court's interpretation of the due process clause, the fact that Petitioner has been previously released from immigration custody and has no known criminal history places Petitioner into the category of cases in which this Court has typically ordered immediate release." (Id.) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[3] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the INA and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D.

[3] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, pursuant to Rodriguez Vazquez and based on respondents' concession, the Court recommends granting the petition and ordering petitioner's immediate release.

## IV. PETITIONER'S REMAINING CLAIM

In claim one of the amended petition, petitioner argues that he left Haiti because his life was in danger. (ECF No. 6 at 1.) Because the Court recommends granting the petition on the statutory claim (claim two), the Court need not address claim two, to the extent it could be interpreted to raise a separate, legal claim. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim two.

## V. CONCLUSION

In summary, the Court recommends that the amended petition for writ of habeas corpus be granted as to claim two.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended petition for writ of habeas corpus (ECF No. 6) be GRANTED as to claim two.
2. Respondents be ordered to IMMEDIATELY release petitioner Ronald TheleMaque, aka Ronald Thelemaque (A-244-082-440) and be ordered to provide petitioner with a copy of these findings and recommendations and the release order at or near the time of release. If respondents have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.),

respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Thel9070.imm.157.RELEASE/2